JONATHAN E. NUECHTERLEIN
General Counsel
DAVID A. O'TOOLE
dotoole@ftc.gov
JOANNIE T. WEI
jwei@ftc.gov
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Tel: (312) 960-5634; Fax: (312) 960-5600

FAYE CHEN BARNOUW, Cal. Bar. No. 168631
fbarnouw@ftc.gov (Local Counsel)
Federal Trade Commission
10877 Wilshire Boulevard, Suite 700
Los Angeles, California 90024
Tel: (310) 824-4343; Fax: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED MARKETING SCIENCES, LLC, a Nevada limited liability company, *et al.*,<br><br>Defendants. | Case No. CV 13-06794 CAS (CWx)<br><br>~~[proposed]~~ **Stipulated Order for Permanent Injunction and Monetary Judgment** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC") filed its Complaint For Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants Applied Marketing Sciences, LLC, Standard Registration Corporation, Worldwide Information Systems, Incorporated, and Liam O. Moran ("Defendants"), stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the advertising, marketing, promoting, offering for sale, or selling of prize promotions.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. "**Corporate Defendants**" means Applied Marketing Sciences; Standard Registration Corporation, also d/b/a Consolidated Research Authority and CRA; Worldwide Information Systems, Incorporated, also d/b/a Specific Monitoring Service, SMS, Specific Reporting Service, SRS, Universal Information Services, UIS, Compendium Sampler Services, and CSS; and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities.

2. "**Defendants**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

3. **"Individual Defendant"** means Liam O. Moran, by whatever names he may be known.

4. **"Prize Promotion"** means: (1) a sweepstakes or other game of chance; or (2) an oral or written express or implied representation that a person has won,

has been selected to receive, or may be eligible to receive, or enter a contest to receive, a prize or purported prize, whether in the form of money, merchandise, or anything of value.

## I. BAN ON PRIZE PROMOTION

**IT IS ORDERED** that Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting in the advertising, marketing, promoting, offering for sale, or selling of any prize promotion.

## II. PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or sale of any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

**III. MONETARY JUDGMENT AND PARTIAL SUSPENSION**

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of eleven million, fifty two thousand, one hundred and thirty seven dollars ($11,052,137) is entered in favor of the Commission against the Individual Defendant and Corporate Defendants, jointly and severally, as equitable monetary relief. Upon satisfaction of all obligations and payments required by Subsection B of this Section, the remainder of the judgment is suspended, subject to the Subsections below.

B. Individual Defendant shall take the following steps to sell all interest in the property located at 204 Court Avenue, Ventura, California, 93003-1713, County of Ventura Assessor's Office Parcel Number 078-0-112-150 ("204 Court Avenue"), identified in the Financial Statement of Individual Defendant Liam O. Moran executed on September 23, 2013:

1. Individual Defendant shall sell 204 Court Avenue upon terms and conditions acceptable to the FTC. Individual Defendant shall promptly comply with all reasonable requests from the FTC related to that sale, including, but not limited to, signing listing contracts with real estate agents, keeping the property in good repair, keeping the property in a condition suitable for showing to prospective purchasers, signing contracts for the sale of the property, and signing

all documents necessary or appropriate for the transfer of the property to a new buyer(s);

    2.    If, after nine (9) months from the date of the entry of this Order, all interests in 204 Court Avenue have not been sold, Individual Defendant shall immediately retain an auction company and direct it to sell all remaining interests in the property at a public auction, provided that, Individual Defendant first obtains from counsel for the FTC written approval of the auction company and of the terms that Individual Defendant establishes for the auction, which approval shall not be unreasonably withheld;

    3.    Individual Defendant shall be responsible for timely payment of all taxes, fees, association dues, and all other attendant expenses related to the maintenance and ownership of 204 Court Avenue until such time as the property is sold or auctioned.  Individual Defendant further is required to continue and to maintain in full force insurance coverage on the property;

    4.    All net proceeds from the sale or auction of 204 Court Avenue after payment of obligations due and owing to any valid mortgage holders and other priority lien holders, any property taxes owed, any adjustments in favor of the buyer(s) required to sell the property, and any reasonable and customary real estate agent fees and closing costs incurred in connection with such sale or auction that have been approved by counsel for the FTC, which approval shall not be

unreasonably withheld, shall be paid to the FTC within ten (10) days of the closing of the sale or auction of the property. Any sheriff, title company, or other person involved in such a sale or auction may rely on this Order as the authority to deliver the net proceeds to the FTC;

        5.     To secure his performance under this Subsection B, Individual Defendant hereby grants to the Commission a lien on and security interest in 204 Court Avenue. Individual Defendant represents and acknowledges that the Commission is relying on the material representations that he is the owner of 204 Court Avenue, along with his wife, Patricia Moran; that title to 204 Court Avenue is marketable; and that 204 Court Avenue is not encumbered by any lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest except for the lien, mortgage, or security interest identified in the Financial Statement of Individual Defendant Liam O. Moran executed on September 23, 2013, and any IRS tax liens imposed on the property;

        6.     Individual Defendant shall cooperate fully with the Commission and be responsible for preparing, executing, and recording the necessary documents and taking other actions necessary to perfect the Commission's voluntary lien on and security interest in 204 Court Avenue. Individual Defendant shall be responsible for paying all costs relating to the preparation, execution, delivery, filing, recording, and termination of the voluntary

lien on and security interest in 204 Court Avenue.  Individual Defendant shall deliver to the Commission copies of all recording documents used to perfect the Commission's voluntary lien on and security interest in 204 Court Avenue within ten (10) days from the date of entry of this Order.

     D.  The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Financial Statement of Individual Defendant Liam O. Moran signed on September 23, 2013, including the attachments.

     E.  The suspension of the judgment will be lifted as to all Defendants if, upon motion by the Commission, the Court finds that Individual Defendant Moran failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

     F.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to all Defendants in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

G.  Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H.  The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Number previously submitted, or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

K.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the

administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

L. The freeze on the assets of Defendants pursuant to Section II of the Stipulated Preliminary Injunction entered in this action on September 30, 2013, is modified to permit the payments and other transfers of assets identified in this Section. Upon completion of all payment and other obligations identified in this Section, the asset freeze is dissolved. A financial institution shall be entitled to rely upon a letter from the Commission stating that the freeze on the Defendants' Assets has been lifted.

## IV. PROHIBITED DISCLOSURE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

  A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order, in connection with the advertising, marketing, promoting, offering for sale, or selling of prize promotions;

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## V. RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Robb Evans & Robb Evans and Associates, LLC, as Permanent Equity Receiver ("Receiver") for Corporate Defendants and any of their subsidiaries, affiliates, divisions, or sales or

customer service operations, and any fictitious business entities or business names created or used by these entities, with the full power of an equity receiver, entered on September 30, 2013, is hereby continued in full force and effect except as modified in this Section. The Receiver shall complete liquidation of all assets of the Corporate Defendants within 120 days of entry of this Order without further order of the Court. The Receiver shall use the proceeds of the sale(s) of these assets to pay any legitimate liens and necessary expenses relating to the sale(s). Upon liquidation of these assets, the Receiver shall submit his final report and application for fees and expenses relating to the receivership over the Corporate Defendants, and upon approval of the same by the Court, shall pay any remaining funds to the Commission. Upon the Court's approval of the Receiver's final report as to the Corporate Defendants, and the payment of any remaining funds to Plaintiffs under this Section, the Receivership over the Corporate Defendants shall be terminated.

## VI. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to providing any

information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order.

## VII.  ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Individual Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

    1. Each Defendant must: (a) identity the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For twenty (20) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership

interest, and identify the name, physical address, and Internet address of the business or entity.

      C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

      D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

      E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: *FTC v. Applied Marketing Sciences. LLC*, FTC Matter No. X130062.

## IX. RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for twenty (20) years after entry of the Order, and retain each such record for 5 years. Specifically, the Corporate Defendants and Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.    Accounting records showing the revenues from all goods or services sold;

    B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    A copy of each unique advertisement or other marketing material.

## X. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

  A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the

necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**.

**DATED: October 2, 2014**

Christina A. Snyder

Hon. Christina A. Snyder
United States District Judge